UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| FIRST CONNECTICUT CONSULTING GROUP, INC., | : | Bankruptcy Case No. 02-50852 |
| Debtor. | : | |
| In re: | : | Chapter 7 |
| JAMES J. LICATA, | : | Bankruptcy Case No. 02-51167 |
| Debtor. | : | |
| RICHARD M. COAN, as Chapter 7 Trustee of FIRST CONNECTICUT CONSULTING GROUP, INC., and RONALD I. CHORCHES, as Chapter 7 Trustee of JAMES J. LICATA, | : | **Adv. Pro. 09-05010** |
| Plaintiffs, V. | : | |
| CYNTHIA LICATA, JAMES LICATA, EAST COAST INVESTMENTS, LLC AND FIRST CONNECTICUT HOLDING GROUP LLC, IV, ET. AL. | : | |
| Defendants. | : | JULY 2, 2021 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TERMINATE STAY, ADD PARTIES DEFENDANT AND AMEND AND SUPPLEMENT THE COMPLAINT**

Plaintiffs, **RICHARD M. COAN**, Chapter 7 Trustee of **First Connecticut Consulting Group, Inc.**, Debtor in the United States Bankruptcy Court, District of Connecticut, Case No. 02-50852, and **RONALD I. CHORCHES**, Chapter 7 Trustee of **James J. Licata**, Debtor, Case No. 02-51167 in the United States Bankruptcy Court, District of Connecticut, by and through their

undersigned counsel, hereby move, pursuant to Fed. R. Civ. P. 15, 18, 19 and 20, each made applicable to this adversary proceeding by a Bankruptcy Rule (Bankruptcy Rule 7015, Bankruptcy Rule 7018, Bankruptcy Rule 7019, and Bankruptcy Rule 7020) to cite in (i.e., add) party defendants, and amend and supplement the complaint, and to terminate the stay of this proceeding. The persons sought to be added as party defendants are the following: Santa Fe Development, LLC, Santa Fe Holdings, LLC, Charter Holdings, LLC, Knox Trucking, LLC, Mighty Seven Angels, LLC, Tucker Licata, Michael Lander, Natasha Yeoh, and Jessica Licata. The transactions and occurrences in the proposed Amended and Supplemental Complaint have a relationship, in significant part, to the claims and causes of action in the original complaint. The reasons supporting the granting of this motion are set forth in the memorandum of law that is being filed in support hereof.

Federal Rule of Civil Procedure 15(d) governs the filing of supplemental pleadings, the aim of which is to set forth "any transaction, occurrence, or event that have happened after the date of the pleading to be supplemented." *Id*. It may only occur by motion and court order, and on just terms. Id. "Rule 15(d) permits a plaintiff to supplement the complaint in order to present subsequent material that is related to the claims presented in the original complaint." *Scottish Air Intern., Inc. v. British Caledonian Group, PLC*, 152 F.R.D. 18, 27 (S.D.N.Y. 1993); accord, *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) ("A supplemental pleading is designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings."). The decision of whether to grant leave to file a Rule 15(d) motion is one that is vested in the sound discretion of the court; however, "absent prejudice to the defendants, leave to supplement the complaint should be liberally granted." *Scottish Air Intern*., 152 F.R.D. at 27.

As a review of the proposed Amended and Supplemental Complaint demonstrates, there is a

relationship between the original complaint and the claims and causes of action in the counts sought to be added by amendment and supplementation – they are other and further permutations of the pervasive asset shielding schemes being perpetrated by Defendants James Licata and Cynthia Licata, and the Portland Funds identified therein further connect the original and proposed amended and supplemental complaint. No prejudice can be suffered by any defendant herein because this civil action has been stayed for a number of years. It was only through post-judgment asset investigations in connection with the judgment debt against Defendant Cynthia Licata that the claims that compose the supplemental pleadings, and their relationship to the original complaint, were discovered.

Additional parties are involved in the supplemental pleadings – all confidants or relatives of Defendants Cynthia and James Licata, or companies that Defendants Cynthia and James Licata caused to be created in order to secrete and hold assets and keep them from the conventional reach of their creditors. They should be joined under either Federal Rules of Civil Procedure 19 or 20 (respectively, required and permissive joinder). If the supplemental pleading is permitted, then joinder should be required, as in the absence of these additional parties the court will not be able to accord complete relief among existing parties. *Id*., Rule 19. At a minimum, permissive joinder would be appropriate because a "right to relief is asserted against them… with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences" that are the subject

matter of the proposed amended and supplemental complaint.  Fed. R. Civ. P. 20.

                              Respectfully submitted,

                              **PLAINTIFFS,**
                              **RONALD I. CHORCHES, TRUSTEE**
                              **RICHARD COAN, TRUSTEE**

                              By:   /s/ Paul N. Gilmore
                                  PAUL N. GILMORE, ESQ.
                                  **UPDIKE, KELLY & SPELLACY, P.C.**
                                  Federal Bar No. ct03347
                                  P.O. Box 231277
                                  100 Pearl Street
                                  Hartford, CT  06123-1277
                                  Tel. (860) 548-2641
                                  Fax (860) 548-2680
                                  Email:  pgilmore@uks.com