**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| IN RE:<br><br>FIRST CONNECTICUT CONSULTING GROUP, INC., et al.,<br><br>    Debtors.<br>_____<br>RICHARD M. COAN, TRUSTEE, and RONALD I. CHORCHES, TRUSTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES J. LICATA, et al.,<br><br>    Defendants. | Case No.   02-50852 (JJT)<br>Case No.   02-51167 (JJT)<br>(Jointly Administered)<br><br>Chapter   7<br><br><br>Adv. Pro. Case No. 09-05010 (JJT)<br><br><br><br>Re: ECF No.   414, 462, 467 |

**MEMORANDUM OF DECISION AND RULING ON
DEFENDANT NATASHA YEOH'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Before the Court is Defendant Natasha Yeoh's ("Defendant Yeoh") Motion for Summary Judgment (ECF No. 414, the "Motion"), in which she asserts a minimal, unwitting, and ultimately non-culpable role in the alleged decade-long asset-shielding scheme of Defendants James J. Licata ("James Licata"), Cynthia Licata, and other associated Defendants. Defendant Yeoh argues that she is entitled to summary judgment as to the Chapter 7 Trustees' claims of fraudulent transfer and unjust enrichment. Mot. 7, 11. The Chapter 7 Trustees and Plaintiffs in this Adversary Proceeding, Richard M. Coan and Ronald I. Chorches (collectively, the "Trustees"), respond that their claims against Defendant Yeoh are not claims of fraudulent transfer or unjust enrichment, but rather are claims of aiding and abetting or co-conspiring in the

Licatas' asset-shielding scheme.  Pls.' Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. 3, ECF No. 462 (the "Trustees' Reply").  Due primarily to various procedural defects of the Complaint, particularly with regard to its claims against Defendant Yeoh, the Court can neither grant nor deny summary judgment despite the undisputed facts and arguments before it.  Instead, pursuant to both the Trustees' clarification of their Complaint and Rule 8 of the Federal Rules of Civil Procedure, the Court shall dismiss the Complaint against Defendant Yeoh without prejudice.

## II.  JURISDICTION

The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (case administration) and (H) (proceedings to determine, avoid, or recover fraudulent conveyances).  The Court has the power to enter a final judgment in this Adversary Proceeding, subject to traditional rights of appeal.  This Adversary Proceeding arises under the jointly administered bankruptcy cases of James Licata and First Connecticut Consulting Group, Inc. ("FCCG"), and venue is proper pursuant to 28 U.S.C. § 1409.

## III.  BACKGROUND AND RELEVANT PROCEDURAL HISTORY

The Trustees' claims against Defendant Yeoh are but a small piece of the puzzle that is the alleged complex, convoluted, and long-running asset-shielding scheme of James and Cynthia Licata.[1]  In essence, the Trustees allege that Defendant Yeoh, under the employment and

---

[1] The Court has extensively detailed the Trustees' allegations and its own factual findings pertaining to James Licata, Cynthia Licata, and the other Defendants party to this Adversary Proceeding, particularly with regard to the bankruptcy cases of James Licata and FCCG and the alleged asset-shielding scheme orchestrated by James and Cynthia Licata.  *See* Mem. of Decision and Order Den. Def.'s Mot. to Dismiss Compl., ECF No. 479 (the "Dismissal Decision"); Mem. of Decision and Order Den. Defs.' Mot. for Summ. J, ECF No. 478 (the "Summary Judgment Decision").  These references have been included to provide context to this Decision.  Terms used but not defined herein shall have the meaning ascribed to them in the Dismissal Decision.

direction of James and Cynthia Licata, facilitated numerous transactions that furthered their machinations to defraud their creditors.  Trustees' Reply 7.

The Trustees commenced this Adversary Proceeding by way of complaint on March 13, 2009 against James Licata, Cynthia Licata, and two associated business entities.  ECF No. 1.  On September 3, 2021, the Trustees amended their original complaint to advance additional counts and factual allegations and to add Defendant Yeoh, Michael Lander, Jessica Licata, and a group of Licata-associated business entities as Defendants.  ECF No. 261.[2]  Defendant Yeoh filed her Motion on October 13, 2022 as to the Trustees' putative claims of fraudulent transfer and unjust enrichment.  Mot. 7, 11.  The Trustees responded in opposition on February 17, 2023, in which they recharacterize their claims against Defendant Yeoh as claims of aiding and abetting or co-conspiring in the Licatas' fraudulent schemes.  Trustees' Reply 3, 7–8.  Defendant Yeoh further responded to the Trustee's Reply on March 10, 2023, in which she notes that "[g]iven the dearth of factual allegations against [Defendant Yeoh], her counsel was forced to surmise what the actual claims were that the [Trustees] were making against her."  Def.'s Reply to Obj. to Mot. for Summ. J. 2, ECF No. 467 (the "Defendant's Reply").  She also notes that the Trustees had not previously stated a claim against Defendant Yeoh for aiding and abetting or co-conspiring in the Licatas' fraudulent transfers until summary judgment.  Def.'s Reply 3–4.  On March 22, 2023, after a holding hearing on the Motion and requesting supplemental briefings from the parties concerning theories of aiding and abetting or co-conspiring in fraudulent transfers, the Court took the matter under advisement.

Much to the Court's chagrin, the poor composition of the Complaint and its purported claims against Defendant Yeoh has caused considerable confusion among this Court and

---

[2] The Trustees later amended their complaint to correct the name of a Licata-related business entity.  Second Am. and Suppl. Compl., ECF No. 395 (the "Complaint").

3

Defendant Yeoh herself.  Consequently, the Court must first determine the precise nature of the Trustee's claims against Defendant Yeoh before it can further adjudicate Defendant Yeoh's Motion.

## IV.   DISCUSSION

### A. Fraudulent Transfer Under 11 U.S.C. §§ 544 and 550 and Conn. Gen. Stat. §§ 52-552a–52-552l

To begin, the Court agrees with Defendant Yeoh that the sole count against her in the Complaint is Count Eight, *see* Def.'s Reply 1, as the remaining counts and the factual allegations therein pertain to other Defendants in this Adversary Proceeding besides Defendant Yeoh.  *See* Dismissal Decision 8–10 (where the Court delineated the cause of action and relevant Defendants for Counts One, Two, Three, Four, Five, Six, Seven, Nine, Ten, and Eleven of the Complaint).

In her attempt to divine concrete causes of action from the Complaint, Defendant Yeoh has surmised that Count Eight asserts fraudulent transfer liability under 11 U.S.C. §§ 544 and 550 and Conn. Gen. Stat. §§ 52-552a–52-552l (hereinafter, "CUFTA").  *See* Mot. 7.  Even under the liberal pleading standard articulated by Federal Rule of Civil Procedure 8(e), however, the Court cannot interpret any allegation made in Count Eight of the Complaint to mean that Defendant Yeoh engaged in fraudulent transfers under federal or state law.  Had the Trustees intended to make such a claim, they would have failed to do so under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a).  Apparently, the Trustees had no such intention, as they have subsequently admitted that they "do not allege that [Defendant Yeoh] has any transferee liability."  Trustees' Reply 3.  Accordingly, because fraudulent transfer liability was not pled in the Complaint and the Trustees have acknowledged as such, that claim was neither before the Court nor requires further discussion.

4

### B. Unjust Enrichment

Upon review of the Complaint, one of the two claims the Court can actually discern against Defendant Yeoh is a claim of unjust enrichment, Compl. ¶ 113, to which Defendant Yeoh argues she is entitled to summary judgment. Mot. 11 ("By reason of the foregoing, the defendants [which would entail Defendant Yeoh] have been unjustly enriched to the detriment of the Plaintiffs (and the creditors of their estates."). However, contrary to their (very clearly) pled claim of unjust enrichment, the Trustees now unequivocally state that "the [Trustees] *do not allege that [Defendant] Yeoh has been unjustly enriched.*" Trustees' Reply 8 (emphasis in original). The Court shall consider this claim effectively withdrawn.

### C. Wrongful Conduct (or Aiding and Abetting or Co-Conspiring in Fraudulent Transfers)

The second (and only other) claim the Court can discern against Defendant Yeoh is that she allegedly "engaged in conduct that has wrongfully harmed the Plaintiffs (and the creditors of their estates)." Compl. ¶ 112. The Court cannot discern, implicitly or explicitly, any other claims against Defendant Yeoh within Count Eight, and the Court can only surmise that the Trustees now seek to recharacterize this particular claim as a claim of aiding and abetting or co-conspiring in the Licatas' asset-shielding scheme, Trustees' Reply 3. For obvious reasons, this belated claim must fail under Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Count Eight of the Complaint is anything but. Rather, it embellishes the Complaint with new factual allegations against Defendants Jessica Licata, Tucker Licata, and a myriad of Licata-related business entities. Indeed, the sole mention of Defendant Yeoh's role is her membership interest in Santa Fe Development, LLC and Charter Holdings, LLC, two Licata-related business entities. Compl. ¶ 97, 102. Regardless of the

Trustees' attempted recharacterization of their "wrongful conduct" claim, Count Eight of the Complaint is devoid of any factual allegation that, even under the most liberal interpretation, can plausibly be read to have given adequate and sufficient notice to Defendant Yeoh of the Trustees' claim of aider and abettor or co-conspirator liability.  Fed. R. Civ. P. 8(a), (e).  The Court is further mystified by the fact that the Trustees, at summary judgment, submitted a plethora of factual allegations detailing Defendant Yeoh's ostensible complicity in the Licatas' schemes, *see, e.g.*, Pls.' Statement of Facts in Opp'n to Def.'s Local Rule 56(a)(1) Statement 6–8, ECF No. 463, yet failed to do so in any way shape or form in their Complaint.  Ultimately, the Court cannot and will not permit the Trustees to assert what is essentially a new claim against Defendant Yeoh at summary judgment — simply put, the Trustees' claims must be put before the Court in a properly pled complaint, not a responsive briefing at summary judgment.

      Moreover, the Trustee's purported claims are further rendered deficient by the fact that they clearly and expressly allege aiding and abetting liability in Count Seven of the Complaint against a *different* Defendant: Cynthia Licata.  Compl. ¶ 86 ("Defendant Cynthia Licata was aware of the wrongfulness of her conduct and she, accordingly, *aided and abetted* [James] Licata in perpetrating the fraud and wrong upon the estates and the Court.") (emphasis added).  Had the Trustees sought to allege a claim of aiding and abetting or co-conspiring in fraudulent transfers against Defendant Yeoh, they were clearly more than capable of doing so.  The Court can only interpret this glaring inconsistency to mean that the Trustees did not properly plead a claim of aider and abettor or co-conspirator liability against Defendant Yeoh.[3]

---

[3] While the Trustees have briefed theories of aiding and abetting or co-conspiring in fraudulent transfers subsequent to the Court's March 22, 2023 hearing on the Motion, the Court will refrain from deciding any issues posed by those claims as they are simply not before it.

Accordingly, the Court shall dismiss the Trustee's claim of "wrongful conduct" under Rule 8 of the Federal Rules of Civil Procedure. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d. Cir. 1988) (courts may dismiss allegations *sua sponte* not properly pled under Rule 8 of the Federal Rules of Civil Procedure). It is not for the Court to divine or salvage the poorly pled allegations of the Trustees — with no further claims against Defendant Yeoh before the Court, the Complaint against Defendant Yeoh shall be dismissed without prejudice. The Trustees shall be granted leave to amend the Complaint, and are expected to fully comply with the minimum standards set by Rule 8 in subsequent pleadings. *See Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d. Cir. 1995) (a court that dismisses allegations for non-compliance with Rule 8 should generally grant leave to amend).

## V. CONCLUSIONS

For the reasons stated herein, the Court adjudges and decrees the following: 1) the Trustees' claim of fraudulent transfer liability under 11 U.S.C. §§ 544 and 550 and CUFTA was never pled against Defendant Yeoh and is not before the Court; 2) the Trustees' claim of unjust enrichment in Count Eight of the Complaint was pled but is no longer before the Court; and 3) the Trustees' claim of wrongful conduct in Count Eight of the Complaint against Defendant Yeoh is dismissed. Accordingly, the Complaint against Defendant Yeoh is **DISMISSED** without prejudice, with leave to amend within ten (10) days hereof. Defendant Yeoh's Motion is otherwise **DENIED** for mootness. An order effectuating the foregoing shall enter upon the docket hereafter.

**IT IS SO ADJUDGED, ORDERED AND DECREED** at Hartford, Connecticut this 14th day of April 2023.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut