UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE:                                                                 ) | Case No. 02-50852 (JJT) |
| ) | |
| FIRST CONNECTICUT CONSULTING GROUP, ) | |
| INC.                                                                    ) | |
| ) | |
|     Debtor.                                  ) | |
| _____ ) | Chapter 7 |
| RICHARD M. COAN, as Chapter 7 Trustee of    ) | |
| FIRST CONNECTICUT CONSULTING GROUP, ) | |
| INC. and RONALD I. CHORCHES, as Chapter 7 ) | |
| Trustee of JAMES J. LICATA,                           ) | |
| ) | |
|     Plaintiffs,                                ) | Adv. Pro. Case No. 09-05010 (JJT) |
| ) | |
| v.                                                                        ) | |
| ) | Re: ECF No.         793 |
| CYNTHIA LICATA, JAMES J. LICATA, EAST ) | |
| COAST INVESTMENTS, LLC, and FIRST     ) | |
| CONNECTICUT HOLDING GROUP LLC, IV, ) | |
| ) | |
|     Defendants.                             ) | |
| _____ ) | |

**MEMORANDUM OF DECISION AND ORDER ON MOTION TO REOPEN DEFAULTS OF CHARTER HOLDINGS, LLC AND SANTA FE HOLDINGS GROUP, LLC**

**I. INTRODUCTION**

Before the Court is a Motion for Order to Reopen Defaults of Charter Holdings, LLC and Santa Fe Holdings Group, LLC to Extent Necessary (ECF No. 793) ("the "Motion"), filed by Attorney Jon Newton on August 19, 2024. The Motion arises from the Plaintiff's filing of a Redacted Fourth Amended and Supplemental Complaint (ECF No. 594) ("Fourth Amended Complaint") on August 25, 2023. While this Court previously entered defaults against Charter Holdings, LLC ("Charter") and Santa Fe Holdings Groups, LLC ("Santa Fe"; and, collectively

with Charter, "Movants") under the Third Amended and Supplemental Complaint (ECF No. 494) ("Third Amended Complaint"), filed by the Plaintiff on April 24, 2023, the Fourth Amended Complaint raised new and additional claims against the principal of Charter and Santa Fe, Michael Lander. Movants argue the default should be vacated on two independent ground. First, the Movants contend that the prior defaults entered against them were not properly renewed after the most recent filing of the Fourth Amended Complaint as required under Federal Rule of Civil Procedure ("FRCP") 5, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure ("FRBP") 7005, rendering them moot and allowing the Movants a new opportunity to respond. Second, the Movants contend that good cause exists to reopen the defaults under FRCP 55, made applicable in this adversary proceeding by FRBP 7055. The Court held a hearing for oral arguments on August 22, 2024, after which the Court made a ruling from the bench, to be clarified by this memorandum of decision. Beyond this context, the Court assumes the parties' familiarity with the factual and legal allegations made with the Motion but will address any cognizable material facts as necessary. For the reasons that follow, and for reasons stated on the record at the hearing on August 22, 2024, the Motion is GRANTED.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has original jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. § 1334(b). This Court possesses the authority to hear and determine the proceeding in reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1), and the General Order of Reference of the District Court dated September 21, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(H), and (O).

## III.   DISCUSSION

Under Federal Rule of Civil Procedure 55, "[t]he court may set aside an entry of default for good cause." "Default judgments are generally disfavored and are reserved for rare

occasions." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (citation omitted). A court's desire for efficiency "should not overcome its duty to do justice." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). "The circumscribed scope of the . . . court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). In determining whether there is good cause to reopen a default judgment, a court should consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. at 96. "[D]oubt[s] should be resolved in favor of the defaulting party." *Id*. at 96.

      Here, the Court notes that all factors weigh in favor of the Movants. First, no evidence has been presented regarding the willfulness of the default. Acknowledging that doubts are to be resolved in favor of the defaulting party, and upon this record, the Court finds that the defaults were not willful. Second, setting aside the default would not materially prejudice the Plaintiff. Although Plaintiff contends that it would be prejudiced by the additional burden of deposing a new witness, the Court find this unpersuasive in the face of overwhelming authority disfavoring the entry of default judgments and preferring resolution on the merits. Further, the Court will consider motions at the time of trial regarding the testimony of the additional witness, whether that be in a deposition in recess or as a sworn witness at trial. Finally, the Court has reviewed Charter's Answer to Complaint (ECF No. 800), and Santa Fe's Answer to Complaint (ECF No. 801), both field on August 21, 2024, and finds that they present meritorious defenses such that default is not warranted upon this record. Having found that good cause exists to vacate the defaults under FRCP 55, the Court declines to address the issue of whether the defaults were rendered moot under FRCP 5.

IV.  **CONCLUSION**

For those reasons, and for the reasons stated on the record, the Motion to Reopen Defaults is hereby GRANTED.

**IT IS SO ORDERED** at Hartford, Connecticut this 26th day of August, 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut